*[Court filing stamps: ENTERED CLERK, U.S. DISTRICT COURT MAY 19 2005 CENTRAL DISTRICT OF CALIFORNIA; FILED CLERK, U.S. DISTRICT COURT MAY 18 2005 CENTRAL DISTRICT OF CALIFORNIA]*

☒ Priority
☒ Send
___ Clsd
☒ Enter
___ JS-5/JS-6
___ JS-2/JS-3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> GEORGE A. TODT, SUTRA MANAGEMENT CORPORATION, SUTRA GROUP, LLC, PAGEONE BUSINESS PRODUCTIONS, LLC, JEFFREY H. EVANS, JETCO, LLC, RAY J. SLABACK, TEMPO FINANCIAL, INC., STB CHIP COMPANY, SUTRATEL KIOSK CORPORATION (f/k/a URBAN TRANSFER SYSTEMS, INC.), LONISSON COMMUNICATIONS CORPORATION, and PTFS, LLC, <br><br> Defendants. | No. CV 05-3697 PA (EJWx) <br><br> TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE |

Before the Court is Plaintiff Securities and Exchange Commission's (Commission's) *Ex Parte* Application for Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Repatriating Assets; (3) Barring Participation in Penny Stock Offerings; (4) Identifying Assets; (5) Requiring Accountings; (6) Prohibiting the Destruction of Documents; (7) Granting Expedited Discovery; and Order to Show Cause re Preliminary Injunction and Preliminary Stock Bar. The Court, having considered the Complaint, the Application, the

supporting Memorandum of Points and Authorities, Declarations of Thomas F. Murphy and Norman H. Jones, and exhibits thereto, and all other evidence presented regarding the Application, finds that:

1. This Court has jurisdiction over the parties to, and the subject matter of, this action.

2. Good cause exists to believe that defendants George A. Todt ("Todt"); Sutra Management Corporation ("Sutra Management"); Jeffrey H. Evans ("Evans"); Jetco, LLC ("Jetco"); Ray J. Slaback ("Slaback"); Tempo Financial, Inc. ("Tempo"); STB Chip Company ("STB Chip"); SutraTel Kiosk Corporation, formerly known as Urban Transfer Systems, Inc. ("SutraTel/Urban"); and Lonisson Communications Corporation ("Lonisson") and each of them have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business which constitute violations of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)], and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10-5 thereunder [17 C.F.R. § 240.10b-5].

3. Good cause exists to believe that defendant Sutra Group, LLC ("Sutra Group") has engaged in, is engaging in, and is about to engage in transactions, acts, practices and courses of business which constitute violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

4. Good cause exists to believe that defendant PageOne Business Productions, LLC ("PageOne") has engaged in, is engaging in, and is about to engage in transactions, acts, practices and courses of business which constitute violations of Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e(a) and 77e(c)].

5. The Commission has demonstrated a probability of success on the merits in this case. Good cause exists to believe that defendants Todt, Sutra Management, Sutra Group, PageOne, Evans, Jetco, Slaback, Tempo, STB Chip, SutraTel/Urban and Lonisson will continue to engage in such transactions, acts, practices and courses of business and in such violations unless immediately restrained and enjoined by Order of this Court.

6. Good cause exists to believe that, unless restrained and enjoined, Todt will dissipate, conceal, or transfer from the jurisdiction of this Court, assets that could be subject to an order of disgorgement and civil penalties.

7. Good cause exists to believe that, unless restrained and enjoined, Sutra Management, Sutra Group, PageOne, Evans, Jetco, Slaback and Tempo will dissipate or conceal assets that could be subject to an order of disgorgement and civil penalties.

8. Good cause exists to believe, unless restrained and enjoined from participating in penny stock offerings, Todt, Sutra Management, Sutra Group, PageOne, Evans, Jetco and Slaback will continue to engage in the acts, practices and courses of business that violate the provisions of the federal securities laws that they are alleged to have violated in the SEC's Complaint.

IT IS HEREBY ORDERED that the Commission's Application for a Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Repatriating Assets; (3) Barring Participation in Penny Stock Offerings; (4) Identifying Assets; (5) Requiring Accountings; (6) Granting Expedited Discovery; (7) Prohibiting the Destruction of Documents, Requiring Accountings; and Order to Show Cause re Preliminary Injunction and Preliminary Penny Stock Bar is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that defendants Todt, Sutra Management, PageOne, Evans, Jetco, Slaback, Tempo, STB Chip, SutraTel/Urban and Lonisson, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual or constructive notice of this Order or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly,

1. Making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to sell securities through the use or medium of any prospectus or otherwise unless and until a registration statement is in effect with the Commission as to such securities;

2. Carrying or causing to be carried securities through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or for delivery after sale, unless and until a registration statement is in effect with the Commission as to such securities;

3. Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, securities unless and until a registration statement has been filed with the Commission as to such securities, or while the registration statement is the subject of a refusal or stop order or under any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. §77h] in violation of Sections 5(a) and 59(c) of the Securities Act [15 U.S.C. § 77e(a) and § 77e(c)]. Provided, however, that nothing in this portion of the Order shall apply to any security or transaction that is exempt from the provisions of Section 5 of the Securities Act [15 U.S.C. § 77e].

IT IS FURTHER ORDERED that defendants Todt, Sutra Management, Sutra Group, Evans, Jetco, Slaback, Tempo, STB Chip, SutraTel/Urban and Lonisson, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them who receive actual notice of this Order be and hereby are temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    (a) employing any device, scheme, or artifice to defraud;

    (b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

IT IS FURTHER ORDERED that:

1. All funds and other assets of defendants Todt, Sutra Management, Sutra Group, PageOne, Evans, Jetco, Slaback and Tempo (collectively referred to as the "Asset Freeze Defendants") are hereby frozen (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard);

2. Accordingly, the Asset Freeze Defendants and any of such defendants' officers, agents, servants, employees, attorneys, and any trust, partnership, joint venture, person or entity affiliated with them (including subsidiaries), and those persons in active concert or participation with any of them who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein are hereby restrained and enjoined from, directly or indirectly:

    (a) Transferring, selling, assigning, dissipating, encumbering, concealing, changing, wasting, converting, pledging, hypothecating or otherwise disposing of or intentionally dissipating, in any manner, any funds, assets, securities, claims, or other real or personal property belonging to, managed by, or in the possession, custody or control of any of the Asset Freeze Defendants, wherever located, including any and all accounts at any bank, financial institution or brokerage firm in the name of any one or more of them; any and all accounts at any bank, financial institution or brokerage firm held for the benefit of any one or more of them; and any and all accounts at any bank, financial institution or brokerage firm in which any one or more of the Asset Freeze Defendants have signatory authority or a beneficial interest;

1      (b)    Transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card or the credit arrangement of the Asset Freeze Defendants; and

    (c)    Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Asset Freeze Defendants, or subject to access by any Asset Freeze Defendants, without providing the SEC prior notice and an opportunity to inspect the contents in order to determine that they contain no assets subject to this Order.

IT IS FURTHER ORDERED that defendants Todt, Sutra Management, Sutra Group, PageOne, Evans, Jetco, and Slaback, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them who receive actual or constructive notice of this Order, and each of them, be and hereby are temporarily restrained and prohibited from, directly or indirectly, participating in any offering of penny stock (as that term is defined in Rule 3a51-1 of the Exchange Act [17 C.F.R. § 240.3a51-1]), including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, pursuant to Section 20(g) of the Securities Act [15 U.S.C. § 77t(g)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, all defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual or constructive notice of this Order, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, manuals or any other document of any kind in their possession, custody or control, however created, produced, or stored (manually,

-6-

1  mechanically, electronically, or otherwise), pertaining in any manner to any of the matters
2  alleged in the Complaint or described in the declarations of Thomas F. Murphy and Norman
3  H. Jones and the exhibits attached thereto.
4      IT IS FURTHER ORDERED that notice of this Order shall be accomplished by:
5      1.    Personal service on all individual defendants by agents or employees of the
6  Commission;
7      2.    Delivery of a copy of the Order personally or by first-class mail, overnight
8  delivery, facsimile, or personally, upon all other defendants and upon any bank, savings and
9  loan institution, credit union, financial institution, transfer agent, broker-dealer, investment
10 company, title company, commodity trading company, storage company, or any other
11 person, partnership, corporation, or legal entity that may subject to any provision of this
12 Order. For purposes of notice on anyone in possession of documents, records, assets, funds,
13 property, or property rights, or anyone else who may be subject to the asset freeze or
14 document destruction provisions of this Order, notice of this Order shall be deemed
15 complete upon notification by any means specified in this Order.
16     IT IS FURTHER ORDERED that service of all materials submitted to this Court in
17 support of this Order as well as of any other submissions prepared pursuant to this Order,
18 and all subsequent pleadings, correspondence, and other materials shall be accomplished in
19 compliance with Rule 4 of the Federal Rules of Civil Procedure. Service to the Commission
20 shall be directed to Jason A. Howard, Midwest Regional Office, Securities and Exchange
21 Commission, 175 West Jackson Boulevard, 9th Floor, Chicago, Illinois 60604, telephone:
22 312-886-3807, facsimile: 312-353-7398, email: howardja@sec.gov. Counsel for defendants
23 shall notify Mr. Howard of the address at which service shall be made. Counsel shall deliver
24 a conformed courtesy copy of all submissions to the Court to the courtesy box on the wall
25 outside the entrance to chambers on the Spring Street level of the United States Courthouse,
26 312 North Spring Street, by 4:00 p.m. on the date due.
27
28

## ORDER TO SHOW CAUSE

Defendants shall appear before this Court on May 31, 2005, at 1:30 p.m., before U.S. District Judge Percy Anderson, 312 North Spring Street, Courtroom No. 15, Los Angeles, California 90012 to show cause, if there be any, why an Order for Preliminary Injunction should not be granted to prohibit further violations of the Securities Act and Exchange Act, that the statutory restraining order set forth in this Order remain in full force and effect pending a trial on the merits and why the other relief requested should not be granted pending trial on the merits of the action. Should any party with to file a memorandum of law or other papers in opposition to the Commission's request for a preliminary injunction, all papers shall be filed and personally served on or before May 26, 2005.

Plaintiff's application for a repatriation of assets, identification of assets, accounting, expedited discovery, and witness list is denied without prejudice. The parties are referred to the Court's Standing Order re commencement of discovery. A copy of the Court's Standing Order is available on the Court's website.

IT IS SO ORDERED.

DATED: May 18, 2005

Percy Anderson
UNITED STATES DISTRICT JUDGE