

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE A. TODT, SUTRA MANAGEMENT CORPORATION, SUTRA GROUP, LLC, PAGEONE BUSINESS PRODUCTIONS, LLC, JEFFREY H. EVANS, JETCO, LLC, RAY J. SLABACK, TEMPO FINANCIAL, INC., STB CHIP COMPANY, SUTRATEL KIOSK CORPORATION (f/k/a URBAN TRANSFER SYSTEMS, INC.), LONISSON COMMUNICATIONS CORPORATION, and PTFS, LLC,<br><br>Defendants. | Case No. CV 05-3697 PA (PJWx)<br><br>JUDGMENT |

This cause coming to be heard on plaintiff Securities and Exchange Commission's ("Plaintiff" or the "Commission") Motion for Final Judgement of Permanent Injunction and Other Relief by Default Against Defendants George A. Todt ("Todt"), Sutra Management Corp. ("Sutra Management"), Sutra Group, LLC ("Sutra Group"), PageOne Business Productions, LLC ("PageOne"), Jetco, LLC ("Jetco"), Tempo Financial, Inc. ("Tempo"), STB Chip Corp. ("STB Chip"), SutraTel Kiosk Corp. ("SutraTel/Urban"), and Lonisson Communications Corp. ("Lonisson"); the Court having considered Plaintiff's Complaint,

Plaintiff's Motion, Plaintiff's Memorandum in Support of its Motion, and the evidence submitted in support thereof, granted Plaintiff's motion for default judgment on October 3, 2005.

On the basis of these rulings, the evidence properly before the Court, the papers and files in this action, the arguments of counsel and for good cause appearing:

I.

IT IS ORDERED, ADJUDGED AND DECREED that Todt, Sutra Management, PageOne, Tempo, STB Chip, SutraTel/Urban, Lonisson, and Jetco and each of their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Judgment, by personal service or otherwise, and each of them, be and are hereby permanently restrained and enjoined from, directly or indirectly:

1. making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to sell securities through the use or medium of any prospectus or otherwise unless an until a registration statement is in effect with the Commission as to such securities;

2. carrying or causing to carried securities through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or for delivery after sale, unless and until a registration statement is in effect with the Commission as to such securities; or

3. making us of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, securities unless and until a registration statement has been filed with the Commission as to such securities, or while the registration statement is the subject of a refusal or stop order or under any public proceeding or examination under Section 8 of the Securities Act [ 15 U.S.C. §77h],

in violation of Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §77e(a) and §77e(c)]. Provided, however, that nothing in this portion of the Judgment shall apply to any security or transaction that is exempt from the provisions of Section 5 of the Securities Act [15 U.S.C. §77e].

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED Todt, Sutra Management, Sutra Group, Tempo, STB Chip, SutraTel/Urban, Lonisson, and Jetco, and each of their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Judgment, by personal service or otherwise, and each of them, be and are hereby permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

1. employing any device, scheme or artifice to defraud;
2. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
3. engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 [17 C.F.R. §240.10b-5] thereunder.

## III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Todt, Sutra Management, Sutra Group, Jetco, and PageOne are permanently barred from participating in any offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

#### IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Todt and Sutra Management, jointly and severally, are liable for disgorgement of $503,083.96, representing net profits gained as a result of the conduct alleged in the Commission's Complaint, together with prejudgment interest thereon in the amount of $35,387.20, for a total disgorgement amount of $538,471.16. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten (10) days following entry of this Judgment. In response to any such civil contempt motion by the Commission, the defendants may assert any legally permissible defense. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter from the defendants making such payments, identifying the defendant as a party to this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Defendants shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to the Todt and Sutra Management. The Clerk shall deposit the funds into an interest bearing account. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the Clerk until further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue

that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within thirty (30) days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against any of the Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Todt, Sutra Management, Tempo, STB Chip, SutraTel/Urban and Lonisson, jointly and severally, are liable for disgorgement of $652,970.00, representing profits gained as a result of the conduct alleged in the Commission's Complaint, together with prejudgment interest thereon in the amount of $15,956.86 for a total disgorgement amount of $668,926.86. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten (10) days following entry of this Judgment. In response to any such civil contempt motion by the Commission, the defendants may assert any legally permissible defense. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter from the defendants making such payments, identifying the defendant as a party to this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Defendants shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title and interest in such funds, and no part of the funds shall be returned to Defendants Todt,

Sutra Management, Tempo, STB Chip, Sutra Tel/Urban and Lonisson. The Clerk shall deposit the funds into an interest bearing account. These funds, together with any interest and income earned thereon (collectively the "Fund"), shall be held by the Clerk until further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall within thirty (30) days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against any of the Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Jetco is liable for disgorgement of $47,930.00, representing net profits gained as a result of the conduct alleged in the Commission's Complaint, together with prejudgment interest thereon in the amount of $1,232.83, for a total of $49,162.83. The Commission may enforce the

Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten (10) days following entry of this Judgment. In response to any such civil contempt motion by the Commission, Jetco may assert any legally permissible defense. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying Jetco as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Jetco shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Jetco relinquishes all legal and equitable right, title and interest in such funds, and no part of the funds shall be returned to Jetco. The Clerk shall deposit the funds into an interest bearing account. These funds, together with any interest and income earned thereon (collectively the "Fund"), shall be held by the Clerk until further order of the Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

## VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Todt shall pay a civil penalty in the amount of $130,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Todt shall make this payment within ten (10) business days after entry of this Judgment by certified check, bank cashier's check, or United States postal money order payable to the Clerk of this Court, together with a cover letter identifying Todt as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Todt shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Todt relinquishes all legal and equitable right, title and interest in such funds, and no part of the funds shall be returned to Todt. The Clerk shall deposit the

funds into an interest bearing account. These funds, together with any interest and income earned thereon (collectively the "Fund"), shall be held by the Clerk until further order of the Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all funds of Todt, Sutra Management, Sutra Group, Tempo, and Jetco are to remain frozen for 120 days from the entry of this Judgment.

## IX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this action for all purposes including, but not limited to, implementing and enforcing the terms and conditions of this Final Judgment.

## X.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, there being no just reason for delay, the Clerk of this Court is hereby directed to enter this Final Judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: November 16, 2005

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE