JOHN E. BIRKENHEIER (*pro hac vice*)
Email: birkenheierj@sec.gov
KENT W. McALLISTER (*pro hac vice*)
Email: mcallisterk@sec.gov
JASON A. HOWARD (*pro hac vice*)
Email: howardja@sec.gov
Securities and Exchange Commission
175 W. Jackson, 9th Floor
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

LOCAL COUNSEL:
MICHAEL A. PIAZZA, Cal. Bar No. 235881
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3877
Facsimile: (323) 965-3908
Email: piazzam@sec.gov

COUNSEL FOR PLAINTIFF

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. CV05-3697 PA (PJWx) |
| Plaintiff, | |
| vs. | [~~PROPOSED~~] |
| GEORGE A. TODT, SUTRA MANAGEMENT CORPORATION, SUTRA GROUP, LLC, PAGEONE BUSINESS PRODUCTIONS, LLC, JEFFREY H. EVANS, JETCO, LLC, RAY J. SLABACK, TEMPO FINANCIAL, INC., STB CHIP CORPORATION, SUTRATEL KIOSK CORPORATION (f/k/a URBAN TRANSFER SYSTEMS, INC.), LONISSON COMMUNICATIONS CORPORATION, and PTFS, LLC, | FINAL JUDGMENT AS TO DEFENDANT JEFFREY H. EVANS |
| Defendants. | |

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Jeffrey H. Evans ("Evans") having entered a general appearance; consented to the Court's jurisdiction over Evans and the subject matter of this action; consented to entry of this Final Judgment As To Defendant Jeffrey H. Evans ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Evans and Evans' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Evans and Evans' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Evans is permanently barred from participating in any offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Evans is liable for disgorgement of $47,930.00, representing profits gained as

1  a result of the conduct alleged in the Complaint, together with prejudgment
2  interest thereon in the amount of $1,424.77, for a total of $49,354.77.
3      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
4  that Evans shall pay a civil penalty in the amount of $50,000.00 pursuant to
5  Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the
6  Exchange Act [15 U.S.C. § 78u(d)].
7      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
8  that Evans shall satisfy the disgorgement amount and civil penalty amount ordered
9  in this Final Judgment by paying $50,000.00 within sixty (60) business days to the
10 Clerk of this Court. Evans shall satisfy the remaining $49,354.77 of this
11 obligation in twelve installments according to the following schedule: (1)
12 $4,112.90, within 90 days of entry of this Final Judgment plus post-judgment
13 interest pursuant to 28 U.S.C. § 1961; (2) $4,112.90, within 180 days of entry of
14 this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (3)
15 $4,112.90, within 270 days of entry of this Final Judgment plus post-judgment
16 interest pursuant to 28 U.S.C. § 1961; (4) $4,112.90, within 360 days of entry of
17 this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (5)
18 $4,112.90, within 450 days of entry of this Final Judgment plus post-judgment
19 interest pursuant to 28 U.S.C. § 1961; (6) $4,112.90, within 540 days of entry of
20 this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (7)
21 $4,112.90, within 630 days of entry of this Final Judgment plus post-judgment
22 interest pursuant to 28 U.S.C. § 1961; (8) $4,112.90, within 720 days of entry of
23 this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (9)
24 $4,112.90, within 810 days of entry of this Final Judgment plus post-judgment
25 interest pursuant to 28 U.S.C. § 1961; (10) $4,112.89, within 900 days of entry of
26 this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (11)
27 $4,112.89, within 990 days of entry of this Final Judgment plus post-judgment
28 interest pursuant to 28 U.S.C. § 1961; and (12) $4,112.89, within 1,080 days of

1  entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. §
2  1961.
3      If Evans fails to make any payment by the dates agreed and/or in the
4  amounts agreed according to the schedule set forth above, all outstanding
5  payments under this Final Judgment, including post-judgment interest, minus any
6  payments made, shall become due and payable immediately without further
7  application to the Court. All payments made pursuant to this Final Judgment shall
8  be paid to the Clerk of this Court, together with a cover letter identifying Evans as
9  a defendant in this action; setting forth the title and civil action number of this
10 action and the name of this Court; and specifying that payment is made pursuant to
11 this Final Judgment. Evans shall simultaneously transmit photocopies of all
12 payments and letters to the Commission's counsel in this action. By making these
13 payments, Evans relinquishes all legal and equitable right, title, and interest in
14 such funds and no part of the funds shall be returned to Evans. Evans shall pay
15 post-judgment interest on all installment payments and any delinquent amounts
16 pursuant to 28 USC § 1961.
17     The Clerk shall deposit the funds into an interest bearing account with the
18 Court Registry Investment System ("CRIS") or any other type of interest bearing
19 account that is utilized by the Court. These funds, together with any interest and
20 income earned thereon (collectively, the "Fund"), shall be held in the interest
21 bearing account until further order of the Court. In accordance with 28 U.S.C. §
22 1914 and the guidelines set by the Director of the Administrative Office of the
23 United States Courts, the Clerk is directed, without further order of this Court, to
24 deduct from the income earned on the money in the Fund a fee equal to ten percent
25 of the income earned on the Fund. Such fee shall not exceed that authorized by
26 the Judicial Conference of the United States.
27     The Commission may by motion propose a plan to distribute the Fund
28 subject to the Court's approval. Such a plan may provide that the Fund shall be

distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, any amount ordered to be paid as a civil penalty pursuant to this Judgment shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Evans shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Evans' payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Evans' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Evans shall, within thirty (30) days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Evans by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the asset freeze against Evans is lifted.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Jeffrey H. Evans is incorporated herein with the same force and effect as if fully set forth herein, and that Evans shall comply with all of the undertakings and agreements set forth therein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED.

DATED: February 7, 2006

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:
Attorneys for Plaintiff
Securities and Exchange Commission

_____
John E. Birkenheier (*pro hac vice*)
Kent W. McAllister (*pro hac vice*)
Jason A. Howard (*pro hac vice*)

Local Counsel: Michael A. Piazza
(Cal. Bar. No. 235881)

# PROOF OF SERVICE

I, the undersigned, declare that I am over the age of 18 years and not a party to the action. I am employed in the County of Cook, State of Illinois, in which county the within-mentioned mailing occurred. My business address is 175 W. Jackson Boulevard, Suite 900, Chicago, Illinois 60604. I am familiar with the practice of the U.S. Securities and Exchange Commission of collecting and processing legal documents and correspondence for mailing.

On February 3, 2006, I served the following documents:

- CONSENT OF DEFENDANT JEFFREY H. EVANS
- CONSENT OF DEFENDANT RAY J. SLABACK
- CONSENT OF DEFENDANT PTFS, LLC
- [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT JEFFREY H. EVANS
- [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT RAY J. SLABACK
- [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT PTFS, LLC

by placing a true and correct copy in a Federal Express envelop for each addressee named hereafter, addressed to each such addressee respectively as follows:

| | |
|---|---|
| George A. Todt<br>23741 Harbor Vista Drive<br>Malibu, CA 90265 | Sutra Management Corporation<br>17383 Sunset Boulevard, Suite B-280<br>Pacific Palisades, CA 90272 |
| Sutra Group, LLC<br>23741 Harbor Vista Drive<br>Malibu, CA 90265 | PageOne Business Productions, LLC<br>23741 Harbor Vista Drive<br>Malibu, CA 90265 |
| Jeffrey H. Evans<br>c/o Brent R. Baker<br>Woodbury & Kesler<br>265 E 100 S., Suite 300<br>Salt Lake City, UT 84111 | Jetco, LLC<br>c/o Brent R. Baker<br>Woodbury & Kesler, PC<br>265 E 100 S., Suite 300<br>Salt Lake City, UT 84111 |

| | |
|---|---|
| Ray J. Slaback<br>26778 Highway 61<br>Dakota, MN 55925 | Tempo Financial, Inc.<br>c/o Delaware Corporations, LLC<br>800 Delaware Avenue<br>Wilmington, DE 19801 |
| STB Chip Company<br>c/o Delaware Corporations, LLC<br>800 Delaware Avenue<br>Wilmington, DE 19801 | Lonisson Communications Corp.<br>17383 Sunset Boulevard, Suite B-280<br>Pacific Palisades, CA 90272 |
| SutraTel Kiosk Corporation<br>17383 Sunset Boulevard, Suite B-280<br>Pacific Palisades, CA 90272 | PTFS, LLC<br>c/o Andrew T. Solomon, Esq.<br>Sullivan & Worcester, LLP<br>1290 Avenue of the Americas<br>New York, NY 10104 |

I then sealed the envelop, affixed a Federal Express label and deposited it for collection and mailing via the Federal Express Corporation today in accordance with the ordinary business practices of the Commission at the Commission's address previously set forth.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 3, 2006, in Chicago, Illinois.

*Norma J. Powell*
Norma J. Powell

-2-