JOHN E. BIRKENHEIER (*pro hac vice*)
Email: birkenheierj@sec.gov
KENT W. McALLISTER (*pro hac vice*)
Email: mcallisterk@sec.gov
JASON A. HOWARD (*pro hac vice*)
Email: howardja@sec.gov
Securities and Exchange Commission
175 W. Jackson, 9th Floor
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

LOCAL COUNSEL:
MICHAEL A. PIAZZA, Cal. Bar No. 235881
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3877
Facsimile: (323) 965-3908
Email: piazzam@sec.gov

COUNSEL FOR PLAINTIFF

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE A. TODT, SUTRA MANAGEMENT CORPORATION, SUTRA GROUP, LLC, PAGEONE BUSINESS PRODUCTIONS, LLC, JEFFREY H. EVANS, JETCO, LLC, RAY J. SLABACK, TEMPO FINANCIAL, INC., STB CHIP CORPORATION, SUTRATEL KIOSK CORPORATION (f/k/a URBAN TRANSFER SYSTEMS, INC.), LONISSON COMMUNICATIONS CORPORATION, and PTFS, LLC,<br><br>Defendants. | Case No. CV05-3697 PA (PJWx)<br><br>[PROPOSED]<br><br>FINAL JUDGMENT AS TO<br><br>DEFENDANT<br><br>RAY J. SLABACK |




The Securities and Exchange Commission having filed a Complaint and Defendant Ray J. Slaback ("Slaback") having entered a general appearance; consented to the Court's jurisdiction over Slaback and the subject matter of this action; consented to entry of this Final Judgment As To Defendant Ray J. Slaback ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Slaback and Slaback's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

    (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

(f) Orders that Slaback's assets are to remain frozen until the monetary portions of this Final Judgment are satisfied, all assets are liquidated, or for eighteen months following the entry of this Final Judgment, whichever occurs first.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Slaback and Slaback's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5], promulgated thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Slaback is permanently barred from participating in any offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five

1  dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R.
2  240.3a51-1].
3      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
4  that Slaback is liable for disgorgement of $152,501.00, representing profits gained
5  as a result of the conduct alleged in the Complaint, together with prejudgment
6  interest thereon in the amount of $4,533.25, for a total of $157,034.25.
7      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Slaback
8  shall pay a civil penalty in the amount of $200,000.00 pursuant to Section 20(d) of
9  the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15
10  U.S.C. § 78u(d)].
11      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
12  that Slaback shall satisfy the disgorgement amount and civil penalty amount
13  ordered in this Final Judgment by paying $75,000.00 within ten (10) business days
14  to the Clerk of this Court. Slaback shall satisfy the remaining $282,034.25 of this
15  obligation in four installments according to the following schedule: (1)
16  $70,508.57, within 90 days of entry of this Final Judgment plus post-judgment
17  interest pursuant to 28 U.S.C. § 1961; (2) $70,508.56, within 180 days of entry of
18  this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (3)
19  $70,508.56, within 270 days of entry of this Final Judgment plus post-judgment
20  interest pursuant to 28 U.S.C. § 1961; and (4) $70,508.56, within 360 days of
21  entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. §
22  1961.
23      If Slaback fails to make any payment by the dates agreed and/or in the
24  amounts agreed according to the schedule set forth above, all outstanding
25  payments under this Final Judgment, including post-judgment interest, minus any
26  payments made, shall become due and payable immediately without further
27  application to the Court. All payments made pursuant to this Final Judgment shall
28  be paid to the Clerk of this Court, together with a cover letter identifying Slaback

1 | as a defendant in this action; setting forth the title and civil action number of this
2 | action and the name of this Court; and specifying that payment is made pursuant to
3 | this Final Judgment. Slaback shall simultaneously transmit photocopies of all
4 | payments and letters to the Commission's counsel in this action. By making these
5 | payments, Slaback relinquishes all legal and equitable right, title, and interest in
6 | such funds and no part of the funds shall be returned to Slaback. Slaback shall pay
7 | post-judgment interest on all installment payments and any delinquent amounts
8 | pursuant to 28 USC § 1961.
9 |     The Clerk shall deposit the funds into an interest bearing account with the
10 | Court Registry Investment System ("CRIS") or any other type of interest bearing
11 | account that is utilized by the Court. These funds, together with any interest and
12 | income earned thereon (collectively, the "Fund"), shall be held in the interest
13 | bearing account until further order of the Court. In accordance with 28 U.S.C. §
14 | 1914 and the guidelines set by the Director of the Administrative Office of the
15 | United States Courts, the Clerk is directed, without further order of this Court, to
16 | deduct from the income earned on the money in the Fund a fee equal to ten percent
17 | of the income earned on the Fund. Such fee shall not exceed that authorized by
18 | the Judicial Conference of the United States.
19 |     The Commission may by motion propose a plan to distribute the Fund
20 | subject to the Court's approval. Such a plan may provide that the Fund shall be
21 | distributed pursuant to the Fair Fund provisions of Section 308(a) of the
22 | Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund
23 | distribution is made, any amount ordered to be paid as a civil penalty pursuant to
24 | this Judgment shall be treated as a penalty paid to the government for all purposes,
25 | including all tax purposes. To preserve the deterrent effect of the civil penalty,
26 | Slaback shall not, after offset or reduction of any award of compensatory damages
27 | in any Related Investor Action based on Slaback's payment of disgorgement in
28 | this action, argue that he is entitled to, nor shall he further benefit by, offset or

1  reduction of such compensatory damages award by the amount of any part of
2  Slaback's payment of a civil penalty in this action ("Penalty Offset"). If the court
3  in any Related Investor Action grants such a Penalty Offset, Slaback shall, within
4  thirty (30) days after entry of a final order granting the Penalty Offset, notify the
5  Commission's counsel in this action and pay the amount of the Penalty Offset to
6  the United States Treasury or to a Fair Fund, as the Commission directs. Such a
7  payment shall not be deemed an additional civil penalty and shall not be deemed
8  to change the amount of the civil penalty imposed in this Judgment. For purposes
9  of this paragraph, a "Related Investor Action" means a private damages action
10 brought against Slaback by or on behalf of one or more investors based on
11 substantially the same facts as alleged in the Complaint in this action.
12     IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
13 that, notwithstanding the previously imposed asset freeze, Slaback shall be
14 permitted to withdraw immediately $75,000.00 from First Federal Savings La
15 Crosse-Madison in La Crosse, Wisconsin, Account No. 902800998300, held in the
16 name of U.S.C.C. Holding Company; such funds to be paid directly to the Clerk of
17 this Court as described in this Final Judgment. Slaback shall not be permitted to
18 withdraw any additional funds from this or any other account absent prior order of
19 this Court.
20     IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
21 that the asset freeze against Slaback will remain in effect, provided, however, that
22 upon proof of Slaback's payment of $75,000 to the Clerk of this Court within ten
23 (10) business days, as required by this Final Judgment, Slaback and the
24 Commission shall present to the Court for its consideration a stipulation and order
25 that will lift the asset freeze against Slaback.
26     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the
27 Consent of Defendant Ray J. Slaback is incorporated herein with the same force
28 and effect as if fully set forth herein, and that Slaback shall comply with all of the

1  undertakings and agreements set forth therein.

2  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED.

DATED: February 7, 2006

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:
Attorneys for Plaintiff
Securities and Exchange Commission

_____
John E. Birkenheier (*pro hac vice*)
Kent W. McAllister (*pro hac vice*)
Jason A. Howard (*pro hac vice*)

Local Counsel: Michael A. Piazza
              (Cal. Bar. No. 235881)

-7-

# PROOF OF SERVICE

I, the undersigned, declare that I am over the age of 18 years and not a party to the action. I am employed in the County of Cook, State of Illinois, in which county the within-mentioned mailing occurred. My business address is 175 W. Jackson Boulevard, Suite 900, Chicago, Illinois 60604. I am familiar with the practice of the U.S. Securities and Exchange Commission of collecting and processing legal documents and correspondence for mailing.

On February 3, 2006, I served the following documents:

- CONSENT OF DEFENDANT JEFFREY H. EVANS

- CONSENT OF DEFENDANT RAY J. SLABACK

- CONSENT OF DEFENDANT PTFS, LLC

- [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT JEFFREY H. EVANS

- [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT RAY J. SLABACK

- [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT PTFS, LLC

by placing a true and correct copy in a Federal Express envelop for each addressee named hereafter, addressed to each such addressee respectively as follows:

| | |
|---|---|
| George A. Todt<br>23741 Harbor Vista Drive<br>Malibu, CA 90265 | Sutra Management Corporation<br>17383 Sunset Boulevard, Suite B-280<br>Pacific Palisades, CA 90272 |
| Sutra Group, LLC<br>23741 Harbor Vista Drive<br>Malibu, CA 90265 | PageOne Business Productions, LLC<br>23741 Harbor Vista Drive<br>Malibu, CA 90265 |
| Jeffrey H. Evans<br>c/o Brent R. Baker<br>Woodbury & Kesler<br>265 E 100 S., Suite 300<br>Salt Lake City, UT 84111 | Jetco, LLC<br>c/o Brent R. Baker<br>Woodbury & Kesler, PC<br>265 E 100 S., Suite 300<br>Salt Lake City, UT 84111 |

| | |
|---|---|
| Ray J. Slaback<br>26778 Highway 61<br>Dakota, MN 55925 | Tempo Financial, Inc.<br>c/o Delaware Corporations, LLC<br>800 Delaware Avenue<br>Wilmington, DE 19801 |
| STB Chip Company<br>c/o Delaware Corporations, LLC<br>800 Delaware Avenue<br>Wilmington, DE 19801 | Lonisson Communications Corp.<br>17383 Sunset Boulevard, Suite B-280<br>Pacific Palisades, CA 90272 |
| SutraTel Kiosk Corporation<br>17383 Sunset Boulevard, Suite B-280<br>Pacific Palisades, CA 90272 | PTFS, LLC<br>c/o Andrew T. Solomon, Esq.<br>Sullivan & Worcester, LLP<br>1290 Avenue of the Americas<br>New York, NY 10104 |

I then sealed the envelop, affixed a Federal Express label and deposited it for collection and mailing via the Federal Express Corporation today in accordance with the ordinary business practices of the Commission at the Commission's address previously set forth.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 3, 2006, in Chicago, Illinois.

*Norma J. Powell*
Norma J. Powell