1  JOHN E. BIRKENHEIER (*pro hac vice*)
   Email: birkenheierj@sec.gov
2  KENT W. McALLISTER (*pro hac vice*)
   Email: mcallisterk@sec.gov
3  JASON A. HOWARD (*pro hac vice*)
   Email: howardja@sec.gov
4  Securities and Exchange Commission
   175 W. Jackson, 9th Floor
5  Chicago, Illinois 60604
   Telephone: (312) 353-7390
6  Facsimile:  (312) 353-7398

7  LOCAL COUNSEL:
   MICHAEL A. PIAZZA, Cal. Bar No. 235881
8  Securities and Exchange Commission
   5670 Wilshire Boulevard, 11th Floor
9  Los Angeles, California 90036-3648
   Telephone: (323) 965-3877
10 Facsimile:  (323) 965-3908
   Email: piazzam@sec.gov
11
   COUNSEL FOR PLAINTIFF
12

FILED
CLERK, U.S. DISTRICT COURT
FEB - 8 2006
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

Priority  ___
Send      X
Enter     ___
Closed    ___
JS-5/JS-6  X
JS-2/JS-3 ___
Scan Only ___

LODGED
CLERK, U.S. DISTRICT COURT
FEB - 6 2006
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE A. TODT, SUTRA MANAGEMENT CORPORATION, SUTRA GROUP, LLC, PAGEONE BUSINESS PRODUCTIONS, LLC, JEFFREY H. EVANS, JETCO, LLC, RAY J. SLABACK, TEMPO FINANCIAL, INC., STB CHIP CORPORATION, SUTRATEL KIOSK CORPORATION (f/k/a URBAN TRANSFER SYSTEMS, INC.), LONISSON COMMUNICATIONS CORPORATION, and PTFS, LLC,<br><br>Defendants. | Case No. CV05-3697 PA (PJWx)<br><br>[~~PROPOSED~~]<br><br>**FINAL JUDGMENT AS TO DEFENDANT PTFS, LLC** |



DOCKETED ON CM
FEB - 8 2006
BY BG    010

The Securities and Exchange Commission, having filed a Complaint, and Defendant PTFS, LLC ("PTFS"), having entered a general appearance; consented to the Court's jurisdiction over PTFS and the subject matter of this action; consented to entry of this Final Judgment As To Defendant PTFS, LLC ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that PTFS and PTFS' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

    (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that PTFS shall pay a civil penalty in the amount of $35,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Within fifteen (15) days of the entry of this Final Judgment, PTFS shall make full payment to the Clerk of this Court, together with a cover letter identifying PTFS as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. PTFS shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, PTFS relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to PTFS.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. PTFS shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the

1  Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund
2  distribution is made, any amount ordered to be paid as a civil penalty pursuant to
3  this Final Judgment shall be treated as a penalty paid to the government for all
4  purposes, including all tax purposes. To preserve the deterrent effect of the civil
5  penalty, PTFS shall not, after offset or reduction of any award of compensatory
6  damages in any Related Investor Action based on PTFS' payment of disgorgement
7  in this action, argue that it is entitled to, nor shall it further benefit by, offset or
8  reduction of such compensatory damages award by the amount of any part of
9  PTFS' payment of a civil penalty in this action ("Penalty Offset"). If the court in
10 any Related Investor Action grants such a Penalty Offset, PTFS shall, within thirty
11 (30) days after entry of a final order granting the Penalty Offset, notify the
12 Commission's counsel in this action and pay the amount of the Penalty Offset to
13 the United States Treasury or to a Fair Fund, as the Commission directs. Such a
14 payment shall not be deemed an additional civil penalty and shall not be deemed
15 to change the amount of the civil penalty imposed in this Judgment. For purposes
16 of this paragraph, a "Related Investor Action" means a private damages action
17 brought against PTFS by or on behalf of one or more investors based on
18 substantially the same facts as alleged in the Complaint in this action.

19      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the
20 Consent of Defendant PTFS, LLC is incorporated herein with the same force and
21 effect as if fully set forth herein, and that PTFS shall comply with all of the
22 undertakings and agreements set forth therein.

23      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this
24 Court shall retain jurisdiction of this matter for the purposes of enforcing the terms
25 of this Final Judgment.
26 //
27 //
28 //

1     There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

    IT IS SO ORDERED.

DATED: February 7, 2006

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:
Attorneys for Plaintiff
Securities and Exchange Commission

_____
John E. Birkenheier (*pro hac vice*)
Kent W. McAllister (*pro hac vice*)
Jason A. Howard (*pro hac vice*)

Local Counsel: Michael A. Piazza
           (Cal. Bar. No. 235881)

## PROOF OF SERVICE

I, the undersigned, declare that I am over the age of 18 years and not a party to the action. I am employed in the County of Cook, State of Illinois, in which county the within-mentioned mailing occurred. My business address is 175 W. Jackson Boulevard, Suite 900, Chicago, Illinois 60604. I am familiar with the practice of the U.S. Securities and Exchange Commission of collecting and processing legal documents and correspondence for mailing.

On February 3, 2006, I served the following documents:

- CONSENT OF DEFENDANT JEFFREY H. EVANS
- CONSENT OF DEFENDANT RAY J. SLABACK
- CONSENT OF DEFENDANT PTFS, LLC
- [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT JEFFREY H. EVANS
- [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT RAY J. SLABACK
- [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT PTFS, LLC

by placing a true and correct copy in a Federal Express envelop for each addressee named hereafter, addressed to each such addressee respectively as follows:

George A. Todt
23741 Harbor Vista Drive
Malibu, CA 90265

Sutra Management Corporation
17383 Sunset Boulevard, Suite B-280
Pacific Palisades, CA 90272

Sutra Group, LLC
23741 Harbor Vista Drive
Malibu, CA 90265

PageOne Business Productions, LLC
23741 Harbor Vista Drive
Malibu, CA 90265

Jeffrey H. Evans
c/o Brent R. Baker
Woodbury & Kesler
265 E 100 S., Suite 300
Salt Lake City, UT 84111

Jetco, LLC
c/o Brent R. Baker
Woodbury & Kesler, PC
265 E 100 S., Suite 300
Salt Lake City, UT 84111

-1-

| | |
|---|---|
| 1  Ray J. Slaback | Tempo Financial, Inc. |
| 2  26778 Highway 61 | c/o Delaware Corporations, LLC |
|    Dakota, MN 55925 | 800 Delaware Avenue |
| 3  | Wilmington, DE 19801 |
| 4  | |
|    STB Chip Company | Lonisson Communications Corp. |
| 5  c/o Delaware Corporations, LLC | 17383 Sunset Boulevard, Suite B-280 |
|    800 Delaware Avenue | Pacific Palisades, CA  90272 |
| 6  Wilmington, DE 19801 | |
| 7  | |
| 8  | |
|    SutraTel Kiosk Corporation | PTFS, LLC |
| 9  17383 Sunset Boulevard, Suite B-280 | c/o Andrew T. Solomon, Esq. |
|    Pacific Palisades, CA  90272 | Sullivan & Worcester, LLP |
| 10 | 1290 Avenue of the Americas |
| 11 | New York, NY 10104 |

12    I then sealed the envelop, affixed a Federal Express label and deposited it for
13  collection and mailing via the Federal Express Corporation today in accordance
    with the ordinary business practices of the Commission at the Commission's
14  address previously set forth.

15    I declare under penalty of perjury that the foregoing is true and correct.
16

17    Executed on February 3, 2006, in Chicago, Illinois.

18
19
20                                                    Norma J. Powell
21
22
23
24
25
26
27
28

-2-