1 | JOHN E. BIRKENHEIER (*pro hac vice*)
    Email: birkenheierj@sec.gov
2 | KENT W. McALLISTER (*pro hac vice*)
    Email: mcallisterk@sec.gov
3 | JASON A. HOWARD (*pro hac vice*)
    Email: howardja@sec.gov
4 | Securities and Exchange Commission
    175 W. Jackson, 9th Floor
5 | Chicago, Illinois 60604
    Telephone: (312) 353-7390
6 | Facsimile: (312) 353-7398

7 | LOCAL COUNSEL:
    MICHAEL A. PIAZZA, Cal. Bar No. 235881
8 | Securities and Exchange Commission
    5670 Wilshire Boulevard, 11th Floor
9 | Los Angeles, California 90036-3648
    Telephone: (323) 965-3877
10 | Facsimile: (323) 965-3908
    Email: piazzam@sec.gov

12 | COUNSEL FOR PLAINTIFF



# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. CV 05-3697 PA (PJWx) |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER CANCELLING THE SHOW CAUSE HEARING AND CONTINUING THE ASSET FREEZE** |
| GEORGE A. TODT, SUTRA MANAGEMENT CORPORATION, SUTRA GROUP, LLC, PAGEONE BUSINESS PRODUCTIONS, LLC, JEFFREY H. EVANS, JETCO, LLC, RAY J. SLABACK, TEMPO FINANCIAL, INC., STB CHIP CORPORATION, SUTRATEL KIOSK CORPORATION (f/k/a URBAN TRANSFER SYSTEMS, INC.), LONISSON COMMUNICATIONS CORPORATION, and PTFS, LLC, | |
| | Hearing Date: June 5, 2006<br>Time: 1:30 p.m. PDT<br>Location: Courtroom 15 |
| Defendants. | |




## STIPULATION

Pursuant to Local Civil Rule 7-1, Plaintiff Securities and Exchange Commission (Commission) and Defendant George A. Todt (Todt), through their counsel, hereby stipulate and agree as follows:

1. On May 18, 2005, the Commission filed its Complaint against, inter alia, Todt. The Complaint alleged two fraudulent schemes perpetrated by Todt and other defendants. Neither Todt nor any attorney acting on his behalf answered or otherwise defended against the allegations in the Complaint.

2. On November 18, 2005, the Court entered a final Judgment by default against, inter alia, Todt. The Court's final Judgment ordered Todt to pay, jointly and severally, $1,207,398.02 in disgorgement.

3. On February 1, 2006, attorney's for the Commission conducted a deposition of Todt with the intention of discovering Todt's financial condition. Todt appeared for the deposition but refused to answer any questions relating to his assets based on his Fifth Amendment right against self-incrimination.

4. On February 10, 2006, the Commission filed a motion for an order requiring Todt to show cause why he should not be held in contempt for failing to pay the ordered disgorgement.

5. On March 6, 2006, the Court ordered Todt to show cause why he should not be held in contempt for failing to pay the ordered disgorgement (Order to Show Cause) and scheduled a hearing for April 10, 2006.

6. On March 28, 2006, the Commission was informed that Marc A. Lieberman was retained to represent Todt in this matter. Mr. Lieberman represented to the Commission that Todt would cooperate with the Commission's efforts to discover Todt's assets. Based on these representations, the Court continued the hearing on the Order to Show Cause to June 5, 2006.

7. On April 12, 2006, Todt produced documents to the Commission in response to the Commission's first set of requests for production.

8. On April 19, 2006, attorney's for the Commission conducted a deposition of Todt to discover Todt's financial condition. Todt appeared for the deposition and answered questions relating to his financial condition.

9. Based on the information provided by Todt thus far, the Commission and Todt agree that the hearing on the Order to Show Cause, currently scheduled for June 5, 2006, is no longer necessary.

10. Moreover, recognizing that there are outstanding issues to be resolved relating to certain assets that may be under Todt's possession, custody or control, the Commission and Todt agree that the asset freeze against Todt and Defendant Sutra Management Corporation should be continued through July 10, 2006, the date Mr. Todt intends to notice a hearing on a motion to vacate the default Judgment entered against him.

11. Based on the above, the Commission and Todt respectfully request that the Court enter the order as requested herein.

## ORDER

For good cause shown, the hearing on the Order to Show Cause, currently scheduled for June 5, 2006, is hereby cancelled.

It is further ordered that the asset freeze concerning Mr. Todt and Defendant Sutra Management Corporation shall remain in effect through July 10, 2006.

IT IS SO ORDERED.

Dated: 6/02/06

Percy Anderson
UNITED STATES DISTRICT JUDGE

-3-

SO AGREED AND STIPULATED:

Dated: 5/31, 2006

John E. Birkenheier (*pro hac vice*)
Kent W. McAllister (*pro hac vice*)
Jason A. Howard (*pro hac vice*)

Local Counsel:
Michael A. Piazza
(Cal. Bar No. 235881)

Attorneys for Plaintiff United States Securities and Exchange Commission

Dated: 5/31/06, 2006

Marc A. Lieberman / Kari A. Keidser
Attorney for Defendant George A. Todt

Fredman Lieberman, LLP
1875 Century Park East, Suite 2200
Los Angeles, California 90067-2523
E-mail: ml@fredmanlieberman.com

## PROOF OF SERVICE

I, the undersigned, declare that I am over the age of 18 years and not a party to the action. I am employed in the County of Cook, State of Illinois, in which county the within-mentioned mailing occurred. My business address is 175 W. Jackson Boulevard, Suite 900, Chicago, Illinois 60604. I am familiar with the practice of the U.S. Securities and Exchange Commission of collecting and processing legal documents and correspondence for mailing.

On May 31, 2006, I served the following document(s):

- STIPULATION AND ORDER CANCELLING THE SHOW CAUSE HEARING AND CONTINUING THE ASSET FREEZE

I placed a true and correct copy of the above documents in a Federal Express envelope and affixed a Federal Express label for each addressee named hereafter, addressed to each such addressee respectively as follows:

**George A. Todt**
c/o Marc A. Lieberman
Fredman Lieberman, LLP
1875 Century Park East, Suite 2200
Los Angeles, CA 90067-2523

I then sealed the envelope and deposited the envelope for collection and mailing via the Federal Express Corporation today in accordance with the ordinary business practices of the Commission at the Commission's address previously set forth.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 31, 2006, in Chicago, Illinois.

Jason A. Howard

-1-