SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 05-3697 PA (PJWx) | Date | July 24, 2006 |
|---|---|---|---|
| Title | Securities & Exchange Commission v. George A. Todt, et al. | | |

Present: The Honorable PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| C. Kevin Reddick | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is defendant George A. Todt's ("Todt") Motion for Relief from Judgment (Docket No. 147). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for July 24, 2006 is vacated, and the matter taken off calendar.

**I.    Factual Background**

On May 18, 2005, the Securities and Exchange Commission ("SEC") filed its Complaint alleging causes of action for violations of Sections 5(a) and (c) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder against defendants Todt; Sutra Management Corporation; Sutra Group, LLC; PageOne Financial, Inc.; Jeffrey H. Evans; Jetco, LLC; Ray J. Slaback; Tempo Financial, Inc.; STB Chip Corp; SutraTel Kiosk Corporation, formerly known as Urban Transfer Systems, Inc.; Lonisson Communications Corporation; and PTFS, LLC (collectively "Defendants"). On May 24, 2005, Todt was served with the Summons and Complaint. His answer or other responsive pleading was due on June 13, 2005. Based on Todt's failure to respond or otherwise appear in this action, default was entered against him on June 29, 2005.

On July 27, 2005, the SEC sent correspondence to Todt requesting his participation in the Rule 26(f) conference of the parties. Todt responded several weeks later with a note which, while somewhat difficult to decipher, states that he would not participate in the action and that he believed the SEC had "fail[ed] to state a claim for which relief can be granted."[1] On August 19, 2005, in light of Todt's

---

[1]    The Court notes that this letter, which was is an informal correspondence between the parties and was never sent to the Court, does not constitute an "appearance" evidencing an intent to defend the action. Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 928 (9th Cir. 2004). Thus, Defendant cannot offer the letter as support for his motion to vacate the default. Similarly, the "Writ of Praecipe" from the "Court of Chancellor's Bench" sent to the SEC on June 30, 2006 does not constitute an "appearance" in this case.

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-3697 PA (PJWx) | Date | July 24, 2006 |
|---|---|---|---|
| Title | Securities & Exchange Commission v. George A. Todt, *et al.* | | |

failure to participate in the action, the SEC moved for judgment by default. On November 18, 2005, the Court entered judgment against Todt. On November 27, 2005, Todt was personally served with a copy of the Final Judgment. The Judgment, inter alia, ordered Todt to disgorge the ill-gotten gains of his fraudulent trading activity and pay a civil penalty for his violation of the securities laws. Todt did not cooperate or respond to the entry of judgment. On February 10, 2006, the SEC moved for an Order Requiring Todt to Show Cause ("OSC") why he should not be held in civil contempt for his failure to pay the disgorgement. Todt made his first appearing in this case on April 10, 2005, at the OSC hearing. At that hearing he was represented by counsel.

## II. Standard

"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b); See also TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 695 (9th Cir. 2001) ("Motions to vacate a default judgment ... are cognizable under Fed. R. Civ. P. 60(b)."). In determining whether a party has shown "good cause" for vacating a default judgment under Rule 60(b), the Court considers three factors: "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff." Id. "This tripartite test is disjunctive. Hence, the trial court's denial of a motion to vacate a default judgment will be affirmed if the defendant's own culpable conduct prompted the default." In re Hammer, 940 F.2d 524, 526 (9th Cir. 1991) (citations omitted). The party seeking to vacate a default judgment bears the burden of demonstrating that the factors favor vacating the default. TCI Group Life Ins. Plan, 244 F.3d at 696.

## III. Analysis

The Court finds that Todt has not shown good cause to justify vacating the default judgment entered against him. Where the defendant's own "culpable conduct was responsible for entry of the default," he vitiates any ground for relief. Direct Mail Specialists, Inc. v. Eclat Computerized Techs., 840 F.2d 685, 690 (9th Cir. 1988).[2] "If a defendant 'has received actual or constructive notice of the filing of the action and failed to answer' his conduct is culpable.'" Id. (quoting Meadows v. Dominican Rep., 817 F.2d 517, 521 (9th Cir. 1987), cert denied, 108 S. Ct. 486, 98 L. Ed. 2d 485 (1987)); In re Hammer, 940 F.2d at 526.

---

[2] In assessing the movant's culpability, the Court may consider: prejudice to the plaintiff, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Franchise Holding II, LLC, 375 F.3d at 927.

**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 05-3697 PA (PJWx) | Date | July 24, 2006 |
| Title | Securities & Exchange Commission v. George A. Todt, *et al.* | | |

There is no question that Todt, who has been a party to several lawsuits, was properly served and received actual notice of the action before default judgment was entered. Cf. TCI Group Life Ins. Plan, 244 F.3d at 699, 699 n.6 ("[I]t is fair to expect that individuals who have previously been involved in litigation or have consulted with a lawyer appreciate the consequences of failing to answer and do so only if they see some advantage to themselves."). Prior to entry of default judgment, the SEC attempted to contact Todt several times, formally and informally, regarding the lawsuit. Todt affirmatively decided against participating and must endure the consequences of his decision.

While Todt argues that his failure to appear was due to his inability to retain an attorney after his assets were frozen and his belief that appearing in the civil action would expose him to potential criminal liability, these reasons are insufficient to constitute "excusable neglect." Todt knew the law required him to appear in the action. A defendant's desire to avoid liability does not constitute excusable neglect or good cause for failure to appear. Additionally, if he believed counsel was necessary, he could have retained an attorney prior to the asset freeze or sought limited relief from the freeze once it was entered. Cf. Associated Intern. Ins. Co. v. Crawford, 182 F.R.D. 623, 626 (D. Colo. 1998) ("'[N]either simple incarceration nor lack of legal counsel on the particular matter at issue, by themselves, provide the requisite good cause for defaulting.'") (quoting Jones v. Phipps, 39 F.3d 158, 163 (7th Cir.1994)). Thus, Todt has not satisfied his burden to establish that the entry of the default judgment against him did not result from his culpable conduct.

The other two factors weigh at least slightly in favor of relieving Todt from the entry of the default. By disclaiming any responsibility for the QLHC press releases or the PTFS account, and arguing that the SEC's calculus of damages is incorrect, Todt may have a meritorious defense to at least a portion of the relief provided under the Judgment. But see Franchise Holding II, 375 F.3d at 926 ("To justify vacating the default judgment, however, [defendant] had to present specific facts that would constitute a defense. [Defendant] never did this instead, it offered the district court only conclusory statements that a dispute existed. A 'mere general denial without facts to support it' is not enough to justify vacating a default or default judgment.") (quoting Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969)). With respect to prejudice, the SEC argues only that granting relief will result in the need for more discovery. However, such discovery would likely have been necessary had the case been tried on the merits originally. Thus, the SEC has not shown that it will suffer "greater harm than simply delaying resolution of the case." TCI Group Life Ins. Plan, 244 F.3d at 701.

The Court finds that Todt's failure to timely respond to the Complaint is solely the result of his culpable conduct. Todt should not be rewarded for his attempts to avoid legal culpability in this or any other action. The Court therefore denies Todt's Motion for Relief from Default Judgment.

IT IS SO ORDERED.